BROADWAY NATIONAL BANK OF CHELSEA *vs.* EDWARD HEFFERNAN & trustee.

Suffolk. January 20, 21, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Bills and Notes,* Alteration, Holder in due course. *Bank. Agency,* When knowledge of agent is constructive notice to principal, Scope of authority. *Notice,* Constructive.

The addition upon the face of a negotiable promissory note of the words "with interest at 6%" here was conceded to be a material alteration within the meaning of R. L. c. 73, § 142.

Where a bank discounted a negotiable promissory note which was complete and regular upon its face and was not overdue and had not been previously dishonored, and it afterwards was discovered that before such discounting the cashier of the bank had made a material alteration in the note, of which he procured the discount for his own fraudulent purposes, but that no other officer or employee of the bank had any information as to the alteration or as to the cashier's personal interest in the note, it can be found that the bank took the note in good faith and for value without notice of any infirmity in the instrument or defect in the title within the meaning of R. L. c. 73, §§ 69, 73, and therefore was a holder in due course, the knowledge of the cashier not having been constructive notice to the bank because the cashier was engaged in committing an independent fraudulent act on his own account. Following *Indian Head National Bank* v. *Clark,* 166 Mass. 27.

CROSBY, J. The only question involved in this case is whether an alteration in the note declared on is a defence to the action.

The alteration, which was made by direction of the cashier of the plaintiff bank, consisted in adding to the note the words "with interest at 6%." This was a material alteration, and is conceded to be such by the plaintiff. R. L. c. 73, § 142.

The case was tried by a judge of the Superior Court without a jury; he made a finding for the plaintiff for the amount due upon the note, in accordance with its original tenor, and reported the case to this court.

There was evidence to show that the note in suit and another note for the same amount were made by the defendant for the accommodation of one Hastings, the cashier and a director of the plaintiff bank. It was understood by Hastings and the defendant that the former would endeavor to get the notes discounted by the plaintiff bank.

The notes were signed and delivered by the defendant to Hastings on February 20, 1911, and were discounted by the bank on February 27, after having been approved for discount by a committee of the directors. Two or three days before the notes were discounted Hastings caused the addition "with interest at 6%" to be written upon the notes. The proceeds of the notes were paid to Hastings at his request by the teller of the bank, and Hastings used the money "in whole or in part to take up certain questionable checks or drafts in the bank for which he considered himself responsible, instead of using it to purchase stock in the bank, which was the original scheme between himself and the defendant."

The record states that at the meeting of the committee of the directors, held on February 27, 1911, when the discount of these notes was authorized, "No member of the committee or officer of the bank then saw the notes to examine them or to observe the alterations thereon, except said Hastings, and he did not disclose to the committee or to any other officer or employee of the bank, any information as to the alteration of the notes or concerning his personal interest in them, or that he wanted them discounted for the purposes herein set forth. Said Hastings did not tell the exchange committee or other officers of the alteration of the notes and of the purpose for which they were given by the defendant or of the use

to be made of the proceeds, because, he testified, if he had, he knew the committee would not have authorized their discount; that he knew it was his duty to tell the committee all he knew about the notes, but he concealed the information in order to secure the discount of the notes."

From the foregoing and other evidence recited in the report, it clearly appears that Hastings's conduct in this transaction, including his fraudulent alteration of the notes and the deception practiced by him in procuring their discount, was to carry out his own selfish purposes. He did not act for the bank or in its behalf in this transaction, but acted adversely to its interests.

The first of the two notes so fraudulently altered was paid at maturity by the defendant without knowledge by him that it had been altered. The second note, which matured in three months, is the note in suit. It was undisputed that when the plaintiff took the note it was complete and regular on its face and was not overdue and had not been previously dishonored when taken, and that it was taken for value. In addition the court was warranted in finding that it was taken in good faith and without notice of any infirmity in the instrument or defect in the title. R. L. c. 73, §§ 69, 73.

The record shows that the defendant received no benefit on account of the discount of either of the notes in question; still, without considering the evidence further in detail, we are of opinion that the presiding judge was warranted in finding that the plaintiff was a holder in due course, not a party to the alteration, and was entitled to enforce payment of the note according to its original tenor. R. L. c. 73, § 141. *Fillebrown* v. *Hayward*, 190 Mass. 472.

The defendant contends that the act of Hastings, the cashier, in altering the note, was the act of the bank and that his knowledge was its knowledge. We cannot agree with this contention, and it is not sustained by the cases cited upon the defendant's brief. It is well settled that, while generally notice to an agent when acting for his principal of facts affecting the character of the transaction is constructive notice to the principal, still "there is an exception to this rule when the agent is engaged in committing an independent fraudulent act on his own account, and the facts to be imputed relate to this fraudulent act." *Allen* v. *South Boston*

*Railroad,* 150 Mass. 200, 206.   *Innerarity* v. *Merchants' National Bank,* 139 Mass. 332, 333.

The case at bar is easily distinguishable from *Atlantic Cotton Mills* v. *Indian Orchard Mills,* 147 Mass. 268, and is governed by *Indian Head National Bank* v. *Clark,* 166 Mass. 27.

It follows that judgment is to be entered for the plaintiff for the amount due upon the note according to its original tenor, in accordance with the finding of the judge of the Superior Court.

*So ordered.*

*E. C. Jenney,* (*S. Robinson* with him,) for the defendant.

*A. E. Pillsbury, W. Howland & C. A. Warren,* for the plaintiff, were not called upon.