Clay & Funkhouser Banking Co. v. Dobyns & Hendrix.

---

CLAY & FUNKHOUSER BANKING COMPANY, Appellant, v. RALPH DOBYNS and A. L. HENDRIX, Respondents.

St. Louis Court of Appeals.    Opinion Filed November 6, 1923.

1. **NEGOTIABLE INSTRUMENTS: Bills of Exchange: Place Intended for Drawee's Name Left Blank: Transferee Not Holder in Due Course.** Where no drawee is named upon the face of a bill of exchange, the place intended for the name of the drawee being left blank, then, under the Negotiable Instruments Law, section 838, Revised Statutes 1919, providing that a holder in due course is a holder who has taken an instrument complete and regular upon its face, a transferee taking the instrument in this condition does not become a holder in due course and acquires no better right or title thereto than the original holder.

2. ————: ————: **Statute: Construction: Incomplete Bill: Transferred While Incomplete: Transferee Not Holder in Due Course.** While it is true that under section 924, Revised Statutes 1919, a bill may be

accepted before it has been signed by the drawer or while otherwise incomplete, or when it is overdue, or after it has been dishonored by previous refusal to accept or by non-payment, yet one to whom the bill is transferred while thus incomplete does not become a holder in due course.

3. ————: Defenses: Evidence: Presumptions: Failure to Controvert Proof Instrument Was Not Supported by Valid Consideration: Directed Verdict. In an action upon bills of exchange where the prima-facie presumption that the instruments were supported by a valid and lawful consideration, upon which alone plaintiff's case rested, was overcome by defendants' proof tending to show the contrary, and hence disappeared from the case. and plaintiff offered nothing to controvert the testimony thus adduced by defendants, the latter were entitled to a directed verdict in their favor..

Appeal from the Circuit Court of Audrain County.— *Hon. Ernest S. Gantt,* Judge.

AFFIRMED.

*Fry & Fry* for appellant.

(1)   A bill of exchange may be accepted before it has been signed by the drawer, or while otherwise incomplete. Sec 924, R. S. 1919; Daniel on Negotiable Instruments (6 Ed.), sec. 490.·   (2)   If a party accept a bill in which no drawee is named, it will be regarded as acknowledging that he was the drawee and will operate as a complete accepted instrument.   Daniel on Negotiable Instruments (6 Ed.), secs. 97, 486; 7 Cyc. 570; 1 Randolph on Commercial Paper (2 Ed.), 171; 8 Corpus Juris, page 299; Wheeler v. Webster, 1 E. D. Smith 1; Watrous v. Halbrook, 39 Tex. 572.   (3)   Where the instrument is wanting in any material particular, the person in possession thereof. has prima-facie authority to complete it by filling up the blanks therein.   Sec. 801, R. S. 1919; 8 Corpus Juris, sec. 308, page 181; Angle v. N. W. Mutual Life Ins. Co., 92 U. S. 338; 3 R. C. L., pages 1011, 1012; Daniel on Negotiable Instruments (6 Ed.), sec. 142.

*Rodgers & Buffington* for respondents.

(1) In order for a bill of exchange to be a negotiable instrument a drawee must be named or otherwise indicated therein with reasonable certainty. Sec. 788, 912, R. S. 1919; 3 R. C. L., page 877, sec. 62. (2) Acceptance of a bill of exchange must be made by the drawee in writing. Sec. 918, R. S. 1919. (3) Plaintiff is not a holder in due course of the instruments sued on and they are subject to the same defense as when non-negotiable. Secs. 838, 844, R. S. 1919; McCullam v. Jewelry Co., 218 S. W. 345; The Mechanics Bank v. Valley Packing Co., 70 Mo. 643; Henderson v. Bondurant, 39 Mo. 369; Bank v. Bolan, 93 Pac. 508; Hughes & Co. v. Flint, 112 Pac. 633. (4) Plaintiff failed to make competent proof of indorsement of the instruments to the bank. 1 Wigmore on Evidence, page 791, sec. 693 et seq.

ALLEN, P. J.—This is an action upon two bills of exchange, referred to in the evidence as trade acceptances. The two instruments are identical in form, and we set one of them out below, as follows:

"$250.00                    Mexico, Mo., April 1, 1921.
  10.06

$260.06

"One hundred and eighty days from date hereof, pay to the order of THE PRODUCERS CONSOLIDATED OIL COMPANY, Two Hundred and Fifty DOLLARS (250) at the office of Savings Bank, of Mexico, Mo., for Petroleum Products sold to drawee. With interest hereon at the rate of 8 per cent from date.
To ...................................

THE PRODUCERS CONSOLIDATED OIL COMPANY,
                    By M. E. Pride, Secy-Treas."

Written across the face of each instrument, at the left end thereof, is the following:

"Accepted April 1, 1921. This obligation arises out of the actual purchase of goods from the drawer.
                    (Signed)   Ralph Dobyns,
                              A. L. Hendrix."

The suit is by the plaintiff bank against the two acceptors, Dobyns and Hendrix, plaintiff claiming to be a holder in due course. The defense is that the acceptance of the instruments by defendants was procured by false and fraudulent representations on the part of the drawer thereof; that the acceptance by defendants was wholly without consideration; that the instruments were negotiated in breach of faith and under such circumstances as to amount to a fraud.

It appears from the testimony in plaintiff's behalf that plaintiff acquired the instruments before maturity, receiving them as collateral security for a loan made to the drawer, The Producers Consolidated Oil Company. And it further appears from plaintiff's evidence that plaintiff bank took the instruments without notice of the defense now asserted by these defendants.

The testimony in defendants' behalf tends to show that they accepted these instruments upon the agreement of The Producers Consolidated Oil Company that it would erect an oil pumping and filling station in Mexico, Missouri, and that defendants would receive certain coupon books entitling them to receive gas and oil from such station at a reduced rate. It appears, without dispute, that such gasoline and oil station was never completed; that the company became bankrupt and defendants received nothing whatsoever in the transaction. It further appears that the instruments were accepted by the defendants upon the agreement of the drawer that they would be placed in the Mexico Savings Bank with the coupon books to be delivered to defendants, there to remain until defendants had used the amount of gas and oil called for by such coupons.

At the close of the entire case the trial court peremptorily directed a verdict for the defendants, which was accordingly returned by the jury. From a judgment entered on this verdict the plaintiff has appealed.

In thus directing a verdict the trial court evidently proceeded upon the theory that neither of the instru-

ments sued upon was complete and regular upon its face
when negotiated, since the name of the drawee did not
appear therein, and that consequently the plaintiff did
not and could not become a holder thereof in due course
under the statute. And such is the contention of learned
counsel for defendants, respondents here.. This conten-
tion, we think, must be upheld. Section 838 of our Ne-
gotiable Instruments Law, i. e., sec. 838 of the Revised
Statutes of 1919, provides as follows:

"A holder in due course is a holder who has taken
the instrument under the following conditions: (1)
That it is complete and regular upon its face. . . ."

Other sections of our Negotiable Instruments Law
are referred to by respondents in this connection, but
we deem it unnecessary to advert thereto. No drawee
is named upon the face of either of these instruments;
the place intended for the name of the drawee being left
blank. It is true that these defendants accepted the in-
struments by an acceptance written across the face
of each thereof, and it is not disputed that they thereby
became liable to the drawer, or to any subsequent holder,
subject, however, to any. defenses they might have as
against.the drawer; but we regard it as clear that since
the instruments remained in this incomplete state and
were thus negotiated, and indeed thus sued upon, neither
this plaintiff nor any other person taking them when thus
incomplete and irregular could become a holder in due
course under section 838, supra.

In behalf of plaintiff, appellant here, it is argued that
though the drawee's name does not appear in a bill of
exchange it may be supplied by an acceptance, such ac-
ceptance supplying the defect and amounting to an ad-
mission by the acceptor that he is the person intended,
and operating to estop him from defending on that
ground, citing: Daniel on Negotiable Instruments (6
Ed.), secs. 486, 497; 7 Cyc. 570; 1 Randolph on Commer-
cial Paper (2 Ed.), sec. 171; 8 Corpus Juris, p. 299;
Wheeler v. Webster, 1 E. D. Smith 1 (N. Y.); Watrous v.

Halbrook, 39 Tex. 572. The adjudicated cases thus relied upon did not arise under the Negotiable Instruments Law. But apart from this, the rule that the drawee's name may be left blank and filled in under the implied authority so to do, as in other cases of similar character, does not affect the vital question before us. If such blank is not in fact filled in, and the instrument is transferred in such incomplete state, then under the positive provisions of section 838, supra, the transferee does not become a holder in due course and acquires no better right or title thereto than the original holder.

In this connection we are referred by plaintiff's counsel to section 924, Revised Statutes, 1919, providing in part as follows:

"A bill may be accepted before it has been signed by the drawer, *or while otherwise incomplete,* or when it is overdue, or after it has been dishonored by a previous refusal to accept, or by nonpayment."

But this section does not aid plaintiff. It is true that a bill may be accepted when incomplete, but this does not mean that one to whom the bill is transferred while thus incomplete may become a holder in due course. It is likewise true that a bill may be accepted after maturity, but it will not be contended that one subsequently taking such over-due paper can become a holder in due course.

We consequently rule that this plaintiff is not a holder in due course.

It follows that these bills of exchange were, in plaintiff's hands, subject to all the defenses which might have been asserted by these defendants as against the drawer. The only remaining question is whether the trial court was warranted in peremptorily directing a verdict for defendants or should have submitted the case to the jury. We are of the opinion that there was no error in directing a verdict for defendants under the circumstances. The prima-facie presumption that the instruments were supported by a valid and lawful considera-

tion, upon which alone plaintiff's case rested, was overcome by defendants' proof tending to show the contrary and hence disappeared from the case. And since plaintiff offered nothing to controvert the testimony thus adduced by defendants the latter were entitled to a directed verdict in their favor. In this connection see: Griffith v. Casualty Co., 235 S. W. 83; Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854; Downs v. Horton, 287 Mo. 414, 230 S. W. 103.

It follows that the judgment below should be affirmed, and it is so ordered. *Becker* and *Daues, JJ.,* concur.