COMMERCIAL INVESTMENT COMPANY, Appellant, v. R. F. WHITLOCK et al., Respondents.*

In the Springfield Court of Appeals, July 1, 1925.

1. **BILLS AND NOTES: Holder in Due Course: Requirements of Such Holder Met by Plaintiff.** Where bills of exchange, when purchased by plaintiff, were complete and regular on their face, and plaintiff became the holder in good faith and for value before they were overdue, and when purchased plaintiff had no notice of any infirmity or defect in the title of the payee, plaintiff *held* a holder in due course as defined by section 838, Revised Statutes 1919

2. **ALTERATION OF INSTRUMENTS: Bills and Notes: Material Alteration.** Where a bill of exchange did not specify a place of payment, an addition to the bill, naming a certain bank as the place of payment, *held* a material alteration within section 911, Revised Statutes 1919.

3. ———: ———: **Insertion of Date of Acceptance Does Not Affect Validity.** Under section 800, Revised Statutes 1919, where an acceptance of an instrument payable at a fixed period after sight is undated, any holder may insert therein the true date of acceptance, and the validity of the instrument is not affected thereby.

4. **BILLS AND NOTES: Acceptance by Drawee: Estoppel.** Defendants, who accepted trade acceptances or bills of exchange, thereby admitted that they were the drawees, were estopped from defending on the ground that there was no drawee designated in the original bills.

5. ———: **Drawees: Filling in Blanks.** The rule is, that where the drawee's name is left blank in a trade acceptance or bill of exchange, such may be filled in under an implied authority like any other blank.

6. ———: **Alteration of Instruments: Holder in Due Course.** Plaintiff, who was holder in due course of bills of exchange, as defined by section 838, Revised Statutes 1919, which said bills of exchange, before negotiation to plaintiff, were altered by designating a place of payment, when none was theretofore specified in the bills, *held* entitled, under section 910, to enforce payment according to the original tenor of the bills, notwithstanding the material alteration.

---

*Headnotes 1. Bills and Notes, 8 C. J., Section 684; 2. Alteration of Instruments, 2 C. J., Section 48; 3. Alteration of Instruments. 2 C. J , Section 53; 4. Bills and Notes, 8 C. J., Section 471; 5. Bills and Notes 8 C. J., Section 314; 6. Bills and Notes, 8 C. J., Section 1011.

Appeal from the Circuit Court of Barry County.—*Hon. Chas. L. Henson*, Judge.

REVERSED AND REMANDED.

*D. H. Kemp,* of Cassville, for appellant.

(1) The trade acceptances (all three) being complete and regular upon its face, and testimony showing that the same were acquired by plaintiff before maturity, and without notice of defense now pleaded by these defendants, the plaintiff was entitled under the law to instruction "A," and it was error to refuse. Daniel on Negotiable Instruments (6 Ed.), sec. 486; 8 Corpus Juris,

p. 299; Clay & Funkhouser Banking Co. v. Dobyns et al., 225 S. W. 946; R. S. 1919, secs. 838 and 842. To constitute infirmity or defect in title of the person negotiating an instrument, plaintiff must have actual knowledge amounting to bad faith. There was no evidence in this case to warrant an inference, even, that plaintiff had actual knowledge of any infirmity or defect in title of Guardian Food Company, or such knowledge that plain tiff's action in purchasing them amounted to bad faith, there was, therefore, no issue for the jury, and plaintiff's instruction "A" should have been given. Levy v. Arthophone Co., 249 S. W. 158 and cases cited; American Ry. Express Co. v. Friedman Loan & Mercantile Co., 260 S W. 1008, 1010 and cases cited; Ensign v. Crandall, 231 S. W. 675, 679; Downs v. Horton, 230 S. W. 103, and cases cited; Taylor et ux. v. Atlas Security Co., 249 S. W. 746, 748. Nothing short of actual knowledge on the part of plaintiff in this case could deprive plaintiff of said instruction. Farmers Bank of Farley v. Stamper, 250 S. W. 959, 960 and cases cited; American Ry. Express Co. v. Gallant Loan Co., 259 S. W. 828. (2) Under this head, we contend that the court erred in giving Instruction 1 in this, the defendant's answer, charges that "Plaintiff has materially altered and changed said instruments by writing "Whitlock-Lines and R. F. Whitlock," etc., and this instruction tells the jury, that "if they find that the instruments have been changed after the same were delivered to the agent of the Guardian Food Co. without the knowledge or consent of defendants by adding the words Whitlock-Lines, R. F. Whitlock, then the plaintiff is not a purchaser in due course," etc. The jury were allowed to find the issues for defendants, "If the alteration or change was made," by any one. The plaintiff was called upon before the trial to prepare to disprove specifically the charges that: It made the al teration or change by adding "Whitlock-Lines, R. F. Whitlock, Monett, Mo." This instruction allows the jury to find for the defendants: "If they find that defendants

on the day the instruments were signed cancelled the order given the Guardian Food Co." The defendant's answer set out certain false and fraudulent representations made to defendants at the time the instruments were signed, and that on account and by reason of these false statements of the agents, defendants on the date "wired the said Guardian Food Co. to cancel the order" —yet, the jury were not by this instruction required to find that such false, or fraudulent representations in fact were made, and that by reason of such false statements, defendants cancelled the order. Bonnett Brown Sales Service v. Klepper, 265 S. W. 993, 996 and cases cited. Instruction No. 2, leaves the law question to the jury, as to what "constitutes a holder in due course." Or refers the jury to "Instruction No. 1," and is conflicting. Wandling v. Broaddus, 265 S. W. 1003, 1005. (3) Under this head we think the court can readily agree with our contentions, that when defendants were allowed and permitted to show a change or alteration of these instruments, by any one or by any person other than the agents of plaintiff as alleged, the case should have been continued at the cost of defendants and plaintiff permitted or allowed time to secure evidence from the Guardian Food Co. that the instruments had not been changed or altered, this would be nothing but fair and right under the pleadings.

*D. S. Mayhew* and *J. E. Sater,* of Monitt, for respondent.

(1) The defendants had the right to cancel the order given the Guardian Food Company, and thus not incur any liability on the instruments sued on. Outcault Advertising Company v. Stock Growers' State Bank, 242 S. W. 116; Lion Match Company v. Hess, 253 S. W. 108. (2) The instruments sued on were not negotiable at the time they were delivered to the Guardian Food Company because said instruments were not complete and regular on their face. Sec. 838, R. S. 1919. This question has been definitely settled in a case identical with

the question now up. Clay & Funkhouser Banking Company v. Dobyns, 255 S. W. 946. The alterations as shown by the testimony are material ones. Sec. 911, R. S. 1919. A holder in due course of an instrument that has been materially altered may enforce payment thereof according to its original tenor. Sec. 910, R. S. 1919. The original tenor of the instruments sued on permitted the defense of cancellation mentioned in instruction number one given on part of the defendant. Mechanic American National Bank v. Helmbacher, 201 S. W. 383. Appellant complains of instruction Number Two. This instruction was requested and submitted by the appellant and it cannot now complain of this instruction. Appellant complains that the court permitted the testimony to take a wider range than the pleadings justified. The attorneys for respondents did not know that the words "February 6-22, payable at the First National Bank," were added to said instruments after they were delivered, until the testimony disclosed it and when respondent's attorneys questioned the witness as to what alterations were made expected the testimony only as to the name of the drawee, and the other testimony was not purposely elicited from the witness. However, attorney for appellant questioned Bryana Lines as to this alteration that he now complains of as is shown by the additional abstract. This witness had not been interrogated as to this alteration and appellant cannot now complain of this testimony; aside from this contention this alteration was not submitted to the jury. Appellant insists that the testimony justified the giving of peremptory instruction for the plaintiff. In the case of Bank of Polk v. Wood, 186 S. W. 1187, this court held: "It will suffice to say it is only when plaintiff's evidence is free from doubt or suspicion and from disinterested citizens that plaintiff can be held to make a conclusive case in his favor when the same is based on oral evidence."

BRADLEY, J.—Plaintiff sued on three trade acceptances or bills of exchange for $150 each. The cause

was tried before the court and a jury. The verdict and judgment went for defendants and plaintiff appealed.

February 6, 1922, R. F. Whitlock and L. E. Lines under the partnership name of Whitlock-Lines were conducting a feed store at Monett, Mo. On the date mentioned a representative of the Guardian Food Company of New York City took defendants' order for stock food amounting to $450. At the time of the order defendant Whitlock, acting for his firm, accepted the bills sued on. On the same day of the order, but after the representa tive of the food company had left town, defendant Whit-lock decided he had made a bad bargain and cancelled his order by telegram and by letter addressed to the food company in New York. No attention was given to the cancellation, and the feed was shipped, but defendants refused to receive it.

Plaintiff claims to be a holder in due course. Defendants contend that under the facts they may interpose any defense they had as between them and the food company.

Defendants' contention that they can rely upon the equities between them and the food company to defeat plaintiff is based upon alleged material alterations in the bills after delivery by defendants to the food company. The bills were all the same in form. All were dated February 6, 1922, and were due respectively sixty, ninety and one hundred twenty days after date. The bill due April 7, 1922, is as follows:

"TRADE ACCEPTANCE

No. 113            Feb. 6, 1922            $150.00

    Sixty days after date pay to order of

        The Guardian Food Company

    One Hundred Fifty no/100 .............. Dollars

    The obligation of the acceptor arises out of the purchase of goods from the drawer.

Accepted

Date, Feb. 6,—1922

Payable at First Nat. Bank

Whitlock-Lines
R. F. Whitlock

THE GUARDIAN FOOD COMPANY
By K. ROCKFELLER, Secy.''

To Whitlock-Lines
R. F. Whitlock
Monett, Mo.
Due Apr. 7, 1922

As we understand, after Whitlock signed and delivered the bills ''Feb. 6, 1922'' and ''First Nat. Bank'' were filled in across the face of each. Also the name of the drawee, ''Whitlock-Lines-R. F. Whitlock, Monett, Mo.,'' was added in the lower left hand corner after delivery. It does not appear when these additions were made except that they were made prior to February 20, 1922, when plaintiff purchased. Defendants further contend that the bills were incomplete when accepted by them in that the name of the drawee did not appear therein, and that such being true plaintiff did not and could not become a holder in due course.

A holder in due course is defined by our Negotiable Instrument Law, section 838, Revised Statutes 1919, as follows: ''A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.''

So far as appears plaintiff meets every requirement of a holder in due course as defined by the statute. The bills when purchased by plaintiff were complete and regular on their face, and plaintiff became the holder in good faith and for value before they were overdue; and when purchased plaintiff had no notice of any infirmity or defect in the title of the food company. Plaintiff, in other

words, had no notice of the equities existing between the food company and defendants, growing out of the transactions resulting in defendants accepting the bills.

Section 911, Revised Statutes 1919, reads as follows: "Any alteration which changes: (1) The date; (2) the sum payable, either for principal or interest; (3) the time or place of payment; (4) the number or relation of the parties; (5) the medium of currency in which payment is to be made, or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

Section 910, Revised Statutes 1919, reads: "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who himself made, authorized or assented to the alterations and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course not a party to the alteration, he may enforce payment thereof according to its original tenor."

When the First National Bank was designated as the place of payment a place of payment was added when none was theretofore specified, and such addition under the facts was a material alteration. [Sec. 911, supra.] Section 800, Revised Statutes 1919, provides that where an acceptance of an instrument payable at a fixed period after sight is undated any holder may insert therein the true date of acceptance. Hence the insertion of the date of the acceptance did not affect the validity of the bills. Defendants accepted the bills and thereby admitted that they were the drawees and are estopped from defending on the ground that there was no drawee designated in the original bills. [Daniel On Negotiable Instruments (6 Ed.), secs. 486, 497; 7 Cyc. 570; 6 C. J., 299, sec. 471; Davis v. Clark, 6 Q. B. 16; Pete v. Reynolds, 9 Exch. 410.] Also the rule is that where the drawee's name is left blank such may be filled in under an im-

plied authority like any other blank. [7 Cyc. 570, and 620; Clay and Funkhouser Banking Co. v. Dobyns et al., 213 Mo. App. 468, 255 S. W. 946.] The point was not directly ruled in the case last cited, but the rule mentioned was fully recognized.

Under section 910, supra, plaintiff, who according to the evidence, is a holder in due course, can enforce payment according to the original tenor of the bills notwithstanding the material alteration. [See also 8 C. J. 750; Munroe v. Stanley, 220 Mass. 438, 107 N. E. 1012; Broadway Nat. Bank v. Heffernan, 220 Mass. 247, 107 N. E. 921; Washington Finance Corp. v. Glass, 74 Wash. 653, 134 Pac. 480, 46 L. R. A. (N. S.) 1043.] Plaintiff's case, therefore, is upon bills which have no place of payment designated.

It is not necessary to discuss instructions. They were bottomed upon an erroneous notion of the law applicable to the facts of the case. We might mention also the law applicable to proof of endorsement where an alleged holder in due course is suing, and where the answer raises the question of ownership. [See Bank of Bernie v. Blades, 247 S. W. (Mo. App.) 806; Metropolitan Discount Company v. Indermuehle, 217 Mo. App. 326.]

The judgment should be reversed and cause remanded, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.