**FITZGIBBON DISCOUNT CORPORATION,**
a Corporation, Plaintiff-Appellant,

v.

**Morris HATCHETT, Defendant-Respondent.**

No. 32824.

St. Louis Court of Appeals.

Missouri.

April 16, 1968.

Rodney Weiss, Sanford Goffstein, Jerome S. Kraus, St. Louis, for plaintiff-appellant.

Morris Hatchett, St. Louis, for defendant-respondent.

ANDERSON, Presiding Judge.

This is an action on a promissory note brought by Fitzgibbon Discount Corporation against Morris Hatchett. The suit was originally filed in the Magistrate Court and a trial therein resulted in a judgment for the defendant. Thereafter, plaintiff appealed to the Circuit Court, where a jury was waived and the cause was tried to the Court. Said trial resulted in a finding and judgment for defendant. Plaintiff has appealed from the judgment.

Plaintiff's petition alleged that on the 13th day of August, 1963, defendant for value received, executed and delivered to Parkway Motors a promissory note of that date by which he promised to pay to the order of Parkway Motors the sum of One Thousand Nine Hundred Twenty-nine Dollars and Sixty Cents ($1,929.60) together with ten per cent attorney's fees and interest at the highest lawful rate, said payments to be made in installments of Eighty Dollars and Forty Cents ($80.40) on the 13th day of September, 1963, with subsequent installments of a like amount on the 13th day of each month thereafter.

The petition further alleged that before maturity of said note, Parkway Motors by endorsement, transferred said note to plaintiff who was the present owner and holder thereof; that the entire amount, One Thousand Nine Hundred Twenty-nine Dollars and Sixty Cents ($1,929.60) was due and payable together with interest and attorney's fees. The prayer of the petition was judgment for the amount alleged to be due together with interest and attorney's fees.

Defendant filed a pleading which he denominated as an answer and cross-bill. In said pleading defendant denied specifically that he ever delivered to Parkway Motors any instrument, either negotiable or otherwise; that the note referred to in plaintiff's petition was not the note of defendant and that plaintiff had been so informed in September, 1963, when the first payment was requested; that plaintiff had received payments on the alleged note from Freddie Clemmons doing business at that time as Parkway Motors; that plaintiff well knew that defendant was not indebted to plaintiff and that the suit was instituted maliciously and capriciously; that plaintiff had caused defendant great inconvenience, mental anguish, and damaged defendant's credit in the community and exposed defendant to public humiliation. There was a prayer for Three Hundred Dollars ($300.00) actual damages, and Two Thousand Dollars ($2,000.00) punitive damages.

To make its case, plaintiff introduced the note sued on. Said note was in the sum of $1,929.60 and was dated August 13, 1963. The payee named therein was Parkway Motors, and said note was signed by Morris Hatchett.

James Smythe, plaintiff's collection manager testified that the note was purchased from Parkway Motors, and produced a canceled check in the sum of $1,450.00 signed by Mr. Fitzgibbon, President of

Plaintiff Corporation, which was endorsed on the back by Parkway Motors. He also gave testimony that nothing had been paid on said note though demand had been made for payment. It also appears that Parkway Motors was a trade name used by Fred Clemmons operating as an individual. Plaintiff had been doing business with Mr. Clemmons for two or three years beginning in 1961.

Defendant, testifying on his own behalf, stated that on August 10, 1963, he negotiated the purchase of an automobile from Healey Ford. At that time he attempted to finance the balance of the purchase price through Fitzgibbon Discount Corporation. He took the automobile from Healey Ford to plaintiff Corporation for observation and to exhibit the papers on the transaction. Fitzgibbon agreed to finance the deal, and he told them he would deliver his check to Healey Ford for the balance of the payment due, being $1,450.-00. Apparently nothing was done at this time to consummate the agreement. Several days later defendant left town on a vacation driving the automobile in question. While away, at the request of Healey Ford, he brought the automobile back to St. Louis. His check had not been honored. Several days later he contacted Fitzgibbon Discount Corporation and was informed that their check to Parkway Motors had been cleared. Plaintiff then contacted Mr. Clemmons and took him to the Fitzgibbon Discount Corporation. Defendant testified that at this meeting, Mr. Fitzgibbon said that the account was not his, and that payment was to be made by Mr. Clemmons. This transpired approximately the first part of September, 1963. Afterwards, Mr. Clemmons was sentenced for a term in the penitentiary. Thereafter, according to defendant's testimony he was threatened with this lawsuit, and subsequently the suit was filed. He also testified that at no time did he receive any money from the Fitzgibbon Corporation. Defendant further testified that when he signed the note that part which reads "Parkway Motors" was not in the note, but was inserted later.

On cross-examination, defendant admitted his signature to the note. He further stated that Mr. Clemmons was a client, and that he had represented Mr. Clemmons for fourteen years. Defendant was an attorney having been admitted to the practice for sixteen years. He stated "* * * I would under these conditions have signed the note because I had done business with both Mr. Clemmons and Mr. Fitzgibbon over the years and I didn't think that something differently would be done. * * * I have made no payments on that note and none were requested of me." He further stated that the automobile went back to Healey Ford.

It is appellant's contention that the trial court erred in failing to find that plaintiff was a holder in due course and entitled to judgment with interest together with an attorney's fee as provided in said note.

A holder in due course is defined by Section 401.052 RSMo 1959, V.A.M.S., as one who takes the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) That he becomes the holder of it before it is overdue and without notice that it had been previously dishonored, if such was the fact; (3) That he took it in good faith and for value; (4) That at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

Plaintiff's evidence showed that it bought the note from Mr. Clemmons who was doing business as Parkway Motors. The note was regular on its face and was not overdue at the time of the purchase. Plaintiff paid value for the note, as evidenced by its cancelled check made out to and cashed by Parkway Motors. At the time it was purchased, the note had not been dishonored by defendant, and since there was no evidence of notice to defendant of any infirmity in the instrument or

defect of title in the person who negotiated it we must assume that it was taken in good faith. The holder of a note does not have the burden of proving he acted in good faith in acquiring it. Tower Grove Bank and Trust Co. v. Duing, 346 Mo. 896, 144 S.W.2d 69, 1. c. 72, 152 A.L.R. 1325.

■ Defendant did not deny that he executed the note, but admitted his signature thereon. In his answer he denied that he delivered the note to Parkway Motors, but made no such denial at the trial. The note was in the possession of Clemmons at the time it was purchased by plaintiff. Defendant had done business with Clemmons over the years, and had represented him as attorney for fourteen years. Upon the whole record the only reasonable inference is that defendant did deliver the note to Clemmons.

■ Lack of consideration was not asserted in defendant's answer as a defense. Such a defense is an affirmative one and the burden of proof of such issue is on the defendant asserting it. Lampe v. Franklin American Trust Co., 339 Mo. 361, 96 S.W.2d 710, 1. c. 720, 107 A.L.R. 465. Nor was there evidence in the record that defendant did not receive any consideration from Clemmons for the note. Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration (Section 401.024 RSMo 1959, V.A.M.S.) and the burden of proof is on the maker who asserts lack of consideration as a defense. Downs v. Horton, 287 Mo. 414, 230 S.W. 103.

■ At the trial defendant testified that when he signed the note the words "Parkway Motors" were not in the note, but were inserted later. This under the circumstances would not invalidate the note. Clemmons would have authority to complete the note by inserting his name or the name under which he did business as payee. Section 401.014 RSMo 1959, V.A.M.S. Commercial Inv. Co. v. Whitlock, 217 Mo.App. 676, 274 S.W. 833.

■ There was no renunciation by plaintiff of its right to proceed against defendant by reason of the conversation between Fitzgibbon and defendant at the time defendant and Clemmons called at plaintiff's place of business after the purchase of the note. The methods by which a note may be discharged are set forth in Section 401.122 RSMo 1959, V.A.M.S. Under said section the holder may renounce his rights under the instrument, but such renunciation must be in writing unless the instrument is delivered up to the person primarily liable thereon. In the case at bar there is no evidence of any renunciation in writing, and clearly there was no delivery of the note to the defendant.

■ Defendant failed to offer substantial evidence in support of the defenses pleaded, and failed to show that plaintiff was a party to any fraud perpetrated upon him or had any knowledge of any fraud practiced upon him by Clemmons. There was no bad faith shown on the part of plaintiff in the purchase of the note.

Plaintiff is entitled to a judgment in its favor. Downs v. Horton, 287 Mo. 414, 230 S.W. 103; Meyer Milling Co. v. Strohfeld, 224 Mo.App. 508, 20 S.W.2d 963; State ex rel. Strohfeld v. Cox, 325 Mo. 901, 30 S.W.2d 462.

The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff for the amount due on said note together with interest and an attorney's fee as therein provided.

WOLFE, J., and DOUGLAS W. GREENE, Special Judge, concur.