STATE of Missouri, Respondent,

v.

Danny CHOATE, Appellant.

No. 37953.

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 21, 1977.

494 ■

Richard E. Snider, Cape Girardeau, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, Bradshaw Smith, William L.

Syler, Asst. Pros. Atty., Cape Girardeau, for respondent.

NORWIN D. HOUSER, Special Judge.

This is an appeal from a judgment finding Danny Choate guilty of burglary, second degree, § 560.070,[1] and assault with intent to do great bodily harm without malice, § 559.190, and sentencing him to two consecutive 5-year terms, following trial by jury.

■ Appellant's first point is that Instructions Nos. 8[2] and 9[3] are repetitious, conflicting, misleading and prejudicial. Instruction No. 8 properly directed the jury to find defendant guilty of assault upon a finding of the two stated essential elements of the offense. Instruction No. 9, intended as a converse instruction identical with MAI–CR 3.06, erroneously omitted the words "do not" following the words "As to Count II, if you * * *." Thus Instructions Nos. 8 and 9 gave the jury diametrically opposite directions upon a finding of precisely the same facts. In this situation we held in *State v. Grothe*, 540 S.W.2d 221 (Mo. App. 1976), that this error did not require reversal of the judgment of conviction; that the omission of the negative worked in favor of the defendant. On the authority of and for the reasons stated in *State v. Grothe* appellant's point that he was prejudiced by the conflict between Instructions Nos. 8 and 9 is ruled against him.

1. All section citations refer to RSMo 1969.

2. Instruction No. 8: "As to Count II, if you find and believe from the evidence beyond a reasonable doubt;

"First, that on or about the 17th day of June, in the County of Cape Girardeau, State of Missouri, the defendant shot a loaded gun at Wm. W. Stover, and

"Second, that he did so with the intent to do great bodily harm to one William W. Stover, then you will find the defendant guilty under Count II of Assault With Intent to do Great Bodily Harm without Malice Aforethought.

"However, if you do not find and believe from the evidence beyond a reasonable doubt

each and all of the foregoing, you must find the defendant not guilty under Count II of that offense."

3. Instruction No. 9: "As to Count II, if you find and believe from the evidence beyond a reasonable doubt each and all of the following:

"FIRST, that on or about the 17th day of June, 1975, in the County of Cape Girardeau, State of Missouri, the Defendant shot at William W. Stover, and

"SECOND, that Defendant did so with intent to do great bodily harm to William W. Stover, then you must find the Defendant not guilty, under Count II of Assault with intent to do great bodily harm without malice aforethought."

 Appellant further claims that because Instruction No. 9 failed to negative the elements of the offense he was deprived of a converse instruction to Count II, to which he was entitled, having requested same. The record does not show that appellant made such a request, and in the absence of a record in the matter there is nothing for a reviewing court to decide. *Jackson v. State*, 514 S.W.2d 532, 533–534 (Mo. 1974). In any event, appellant had the benefit of a converse instruction to Count II, to wit, the last paragraph of Instruction No. 8.[2]

 Finally, appellant attacks the general language of the last paragraph of Instruction No. 8, and the similar conversing language in the last paragraph of Instruction No. 6,[4] which is the verdict director on the charge of burglary. Conceding that he finds no case authority to support his argument appellant contends as an elementary and fundamental proposition of law that a defendant "must be acquitted even though the jury may find against him on one or more, so long as it is less than all, of the essential elements of the crime charged." As alternatives to Instructions Nos. 6 and 8 appellant offered Instructions A and B, verdict directors which concluded with a conversing paragraph directing not guilty verdicts upon a failure to find *any one* or *either one* of the elements of the offense postulated in the main body of the instruction.

The general converse paragraph in given Instruction No. 6 is verbatim MAI–CR 7.32. The general converse paragraph in given Instruction No. 8 is verbatim MAI–CR 6.24. The short and conclusive answer to appellant's last point is that the trial court had no alternative. The forms utilized by the trial court were forms prescribed by the Supreme Court, which has superintending control over all inferior courts. Art. V, § 4(1), Mo.Const. 1945. It was obligatory on the trial court under Rule 20.02(c)[5] to give the verdict directors in the forms found in MAI–CR, and it is our duty on appeal to uphold the action of the trial court in following the dictates of MAI–CR.

Judgment affirmed.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.

---

4. "However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense."

5. "Whenever there is an MAI–CR instruction or verdict form applicable under the law to the facts, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other on the same subject."