**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John R. CRUMP, Defendant-Appellant.**

**No. 11361.**

Missouri Court of Appeals,
Southern District,
Division Four.

March 10, 1980.

John D. Ashcroft, Atty. Gen., John M. Morris, III, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

Richard D. Bender, Springfield, for defendant/appellant.

GREENE, Judge.

On January 24, 1975, defendant John R. Crump was sentenced to life imprisonment on two counts of first degree murder. From November 18, 1975 until May 5, 1978, defendant was incarcerated at a state institution known as Renz Farm in Cole County, Missouri. He was then transferred to the Fordland Honor Camp in Webster County. The guards at Fordland count the prisoners at two hour intervals to make sure that all inmates are accounted for.

After the completion of the 10:00 p. m. count on June 30, 1978, defendant and two other inmates were missing. It soon became evident that they had escaped from custody. On July 5, defendant and one of the other escapees were arrested in Fredericktown, Missouri, approximately 150 miles east of the camp. Defendant was charged with escaping from a state institution in violation of § 557.351, RSMo Supp.1975.

After a change of venue to Greene County, defendant was tried by a jury and convicted. He was sentenced to four years' imprisonment and this appeal followed. We affirm.

Immediately after the jury was impaneled, the trial judge read instructions No. 1 (MAI–CR 2.01) and No. 2 (MAI–CR 2.02) to the jury. The instructions were as follows: (Words contained in parenthesis were omitted from, and words contained in brackets were either added to or substituted for, the language of the MAI–CR forms.)

"INSTRUCTION NO. 1

Those who participate in a jury trial must do so in accordance with [the] established rules. This is true of the parties, the witnesses, the lawyers and the judge. It is equally true of jurors. It is the court's duty to enforce those rules and to instruct you upon the law applicable to the case. It is your duty to follow the law as the court gives it to you.

However, no statement, ruling or remark that the court may make during the trial is intended to indicate its opinion of what the facts are. It is your duty to determine the facts and (to) determine them only from the evidence and reasonable inferences to be drawn from the evidence. In this determination, you alone must decide upon the believability of the witnesses and the weight and [the] value of the evidence.

In determining the believability of a witness and the weight to be given to his testimony you may take into consideration his manner while testifying, his ability and opportunity to observe and remember any matter about which he testifies, any interest, bias or prejudice he may have, the reasonableness of his testimony considered in the light of all of the evidence in the case, and any other matter than [sic] (should be "that") has a tendency in reason to prove or disprove the truthfulness of the testimony of the witness.

Faithful performance by you of your duties as jurors is vital to the administra-

tion of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case. MAI–CR 2.01.

### INSTRUCTION NO. 2

You must not assume as true any fact solely because included in or suggested by a question asked a witness. A question is not evidence, and may be considered only as it supplies meaning to the answer.

From time to time the attorneys may make objections. They have a right to do so and are only doing their duty as they see it. You should draw no inference from the fact that an objection has been made.

If the court sustains an objection to a question, you will disregard the entire question and you should not speculate as (to) what the answer of the witness might have been. The same applies to exhibits offered[,] but excluded from evidence after an objection has been sustained. You will also disregard any answer or other matter which the court directs you not to consider and anything which the court orders stricken from the record.

The opening statements of attorneys are not evidence. Also, you must not consider as evidence any statement or remark or argument by any of the attorneys addressed to another attorney or to the court unless it is in the form of a stipulation or agreement between them or an admission by one of them concerning a particular matter. MAI–CR 2.02."

On appeal, defendant contends that the errors contained in the instructions, as outlined above, constituted prejudicial error. Rule 28.02(e), V.A.M.R., provides that giving or failing to give an instruction in violation of MAI–CR instructions shall constitute error and that the prejudicial effect of such error shall be judicially determined. The errors in question are not of the caliber that support defendant's charge of prejudice. They are the result of typographical mistakes, minor lapses in transcription and inconsequential word changes.

The instruction mistakes assailed here are similar to those made in *State v. Cockrum*, 592 S.W.2d 300, 303 (Mo.App.1979); *State v. Harris*, 564 S.W.2d 561, 573 (Mo.App.1978); *State v. Davison*, 545 S.W.2d 723, 725 (Mo. App.1977); *State v. Grothe*, 540 S.W.2d 221, 226 (Mo.App.1976); and *State v. Billingsley*, 534 S.W.2d 484, 485–486 (Mo.App.1975). These cases hold that minor, inadvertent deviations from the language of the form of the instruction in question, which do not change the meaning of the instruction or confuse and mislead the jury, are not prejudicially erroneous.

There is no significant difference between the exact language of MAI–CR 2.01 and 2.02 and the language submitted to the jury in instructions No. 1 and No. 2. The instructions submitted were substantially correct. They did not mislead or confuse the jury. We need not, and will not, resort to hypertechnical requirements of grammatical perfection in construing the instructions. The deviations complained of do not rise to the level of prejudicial error.

The judgment is affirmed.

FLANIGAN, P. J., and BILLINGS, MAUS and PREWITT, JJ., concur.